NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-320 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00797-MTL-1 |
| v. | |
| AMILCAR DE JESUS ESPINOZA, AKA Luis Martinez, AKA Amilcar Jesus Espinoza, AKA Johnnie Hernandez, AKA Lucho Martines, AKA Joe Martinez, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted January 10, 2024**
San Francisco, California

Before: SILER, CLIFTON, and M. SMITH, Circuit Judges.***

Amilcar de Jesus Espinoza (Espinoza) appeals the district court's rejection of a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

plea agreement and imposition of a sentence. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the district court's rejection of Appellant's guilty plea and remand for a new plea hearing.

1.     The district court erred by failing to state its reasons for rejecting the plea agreement. When a district court rejects a plea agreement, it "must set forth, on the record, the court's reasons in light of the specific circumstances of the case for rejecting" the agreement. *In re Morgan*, 506 F.3d 705, 712 (9th Cir. 2007).

The government does not dispute that the district court did not "contemporaneously articulate the reason for rejecting the plea agreement." Instead, the government argues that "although the district court did not separately state its individualized reason for rejecting the plea agreement contemporaneously with its ruling, the reason was abundantly clear," based on statements the district court subsequently made about Espinoza's criminal history when *sentencing* him.

But as the district court itself acknowledged, it was "required" to consider Espinoza's criminal history when sentencing him pursuant to 18 U.S.C. § 3553(a), so to say that that was the "actual" reason it rejected the plea agreement earlier would be conjecture. Moreover, we have previously rejected efforts to have us guess at the district court's thinking when rejecting a plea agreement. *See, e.g.*,

*United States v. Mancinas-Flores,* 588 F.3d 677, 684–85 (9th Cir. 2009) ("[T]he judge must at least *disclose* [why] she is rejecting the defendant's plea.").

2.      The district court's error is not subject to plain error review. Where, as here, a defendant "asked the court to accept his plea and argued in favor of it," and the district court rejects his plea "[f]or unspecified reasons," a defendant "d[oes] not have to ask the court to reconsider its decision or point out possible errors in the decision." *Id.* at 686. We refused to apply a plain error standard of review to the district's court's failure to state its reasons for rejecting the plea agreement in *Mancinas-Flores*, and we do the same here. *Id.*

3.      The sentence imposed by the district court was not substantively unreasonable. The district court did discuss the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), including that Espinoza's reentry conviction was "a nonviolent, victimless crime." And though it did consider Espinoza's felony murder conviction, it also acknowledged that the conviction was "a long time ago" and that Espinoza "d[id] [his] time for that conviction." The district court also considered other § 3553(a) factors, such as the need "to afford adequate deterrence to criminal conduct." § 3553(2)(B). Moreover, "[a] district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008).

The district court stated explicitly that it "listened to" arguments of counsel

"very closely," including arguments Espinoza's counsel made regarding his client's characteristics. It also said that it "reviewed the material in the file," and "looked at the presentence investigation report carefully," and discussed Espinoza's circumstances at sentencing. Under these circumstances, the sentence was not substantively unreasonable. *See Carty*, 520 F.3d at 992 (upholding sentence where district court judge, inter alia, "reviewed the PSR and the parties' submissions that discussed applicability of § 3553(a) factors; and [] listened to testimony adduced at the sentencing hearing and to argument by both parties.") VACATED AND REMANDED.